BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>APPROXIMATELY $3,104,661.00 IN U.S. CURRENCY,<br>Defendant. | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |

The United States of America, by and through its undersigned attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

**NATURE OF ACTION**

1. This is a civil action *in rem* to forfeit to the United States Approximately $3,104,661.00 in U.S. Currency ("defendant currency") involved in violations of federal drug laws.

2. The defendant currency was seized from the property of Marco Antonio Sauceda and Brenda Sauceda during execution of a state search warrant at XXXX Coronado Street W, in Bakersfield, California on August 21, 2014. The defendant currency is in the custody of the U.S. Marshals Service, Eastern District of California.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over an action commenced by the United States under 28

U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

4. This district is a proper venue pursuant to 28 U.S.C. § 1355 because the acts giving rise to this *in rem* forfeiture action occurred in this district, and pursuant to 28 U.S.C. § 1395 because the defendant currency was seized in this district.

**FACTUAL ALLEGATIONS**

5. On August 19, 2014, Luis Ricardo Eslava-Corral ("Eslava"), a Mexican National, attempted to enter the United States from Mexico at the Otay Mesa Port of Entry in San Diego County. Eslava was driving a tractor-trailer bearing California license plate 9E98066, and the trailer bearing California license plate 4NC2644. A U.S. customs officer referred Eslava to a secondary inspection, where a narcotics detector dog alerted to the underside of the tractor-trailer. A law enforcement search of the tractor-trailer revealed a hidden compartment containing multiple packages of cocaine.

6. Following the discovery of the cocaine at the United States-Mexico Border, federal law enforcement agents began following Eslava's tractor-trailer vehicle, which made stops in San Diego and San Clemente on August 19, 2014. The next day, August 20, 2014, Eslava continued driving north toward Bakersfield, with federal agents following his route. During the drive, Eslava was observed using his cell phone, and the frequency of cell phone usage increased as Eslava approached Bakersfield.

7. At approximately 5:40 p.m., on August 20th, Eslava and the tractor-trailer arrived at a truck stop in north Bakersfield. An individual named Jimmy Gil ("Gil") – driving a Nissan Maxima registered to him at 164 Kattenhorn, Shafter, California – met Eslava and took possession of the tractor-trailer and cocaine. Eslava left the meeting in Gil's Nissan Maxima. Gil then drove the tractor-trailer to a trucking business located at 300 Buena Vista Blvd., Bakersfield, California, where he was joined by Jose Luis Montoya-Salazar ("Salazar").

8. The pair, Gil and Salazar, began to unload the packaged cocaine from the tractor-trailer's hidden compartment in the floor of the trailer and placed the packages in Montoya's vehicle. After offloading 18 one-kilogram packages of cocaine, federal agents interceded and arrested both Gil and Salazar. A subsequent search of the tractor-trailer's hidden compartment revealed an additional 20 one-kilogram packages of cocaine. In total, 38 kilograms of cocaine were seized from Gil, Montoya, and the

tractor-trailer that crossed into the United States from Mexico on August 19, 2014.



9. Once in custody, federal agents connected Gil to an ongoing investigation into the concealment of large amounts of drug proceeds in heavy machinery and equipment. When asked about the ongoing investigation and whether he knew of monies concealed in heavy equipment, Gil confirmed that a large amount of cash was hidden inside of construction equipment located at XXXX Coronado Street, W, in Bakersfield, Kern County, California.

10. On August 21, 2014, federal agents executed a federal search warrant at XXXX Coronado Street, finding numbered stacks of in cash concealed in two non-factory hidden compartments in an asphalt roller. Federal agents utilized a drug-detecting canine to determine if the odor of narcotics was present. The drug-detecting canine positively alerted to the presence of the odor of narcotics in the specific area where the cash was concealed and ultimately discovered. Below are pictures of the asphalt roller (left image, side-view) and paneling that was removed to reveal the concealed cash (right image, down-view).

///

///

///





11. A later bank count of the cash seized from inside the asphalt roller totaled approximately $3,104,661.00 in cash – the defendant currency. The defendant currency was broken down in the following denominations: $360,000 in $100 bills; $330,000 in $50 bills; $2.264 million in $20 bills; $102,000 in $10 bills; $27,500 in $5 bills; and $21,161 in miscellaneous unknown tender.[1]



**1** Miscellaneous unknown tender (MUT) is a term for currency that cannot be counted and processed by a bill-counting machine used by banks and must instead be hand-counted because the currency is warped, wrinkled, damaged, or is counterfeit.

12. On September 4, 2014, Jimmy Gil, Luis Ricardo Eslava-Corral, and Jose Luis Montoya-Salazar were indicted in the Eastern District of California for Conspiracy to Import, to Distribute, and to Possess with Intent to Distribute at least 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 952, and 960, United States v. Jimmy Gil, et al., Case 1:14-cr-00196-LJO-SKO.

13. On September 18, 2014, Jimmy Gil filed a notice of appeal of his revocation of pretrial release. The appeal under United States Court of Appeals case number 14-10440, is pending.

14. On September 22, 2014, Luis Ricardo Eslava-Corral entered a guilty plea to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 952, and 960 – Conspiracy to Import, to Distribute, and Possess with Intent to Distribute at least 5 kilogram of cocaine; his sentencing is set for January 12, 2015.

**FIRST CLAIM FOR RELIEF**
**21 U.S.C. § 881(a)(6)**

15. Paragraphs one to fourteen above are incorporated by reference as though fully set forth herein.

16. The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it was money furnished and intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 *et seq*., an offense punishable by more than one year's imprisonment.

**SECOND CLAIM FOR RELIEF**
**18 U.S.C. § 981(a)(1)(C)**

17. Paragraphs one to fourteen above are incorporated by reference as though fully set forth herein.

18. The defendant currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. §§ 841 *et seq*., 952, or a conspiracy to commit such offenses.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that:

1. Process issue according to the procedures of this Court in cases of actions *in rem;*

2. Any person having an interest in said defendant currency be given notice to file a claim and to answer the complaint;

3. The Court enter a judgment of forfeiture of the defendant currency to the United States; and,

4. The Court grant such other relief as may be proper.

DATED: October 20, 2014

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

**VERIFICATION**

I, Jay J. Both, hereby verify and declare under penalty of perjury that I am a Special Agent with the U.S. Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: October 17, 2014

/s/ Jay J. Both
JAY J. BOTH
Special Agent
Drug Enforcement Administration
(Original signature retained by attorney)